**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RAMON PIERRE VINCENT,                    :    Civil No. 3:26-cv-905
                                         :
              Plaintiff                  :    (Judge Mariani)
                                         :
       v.                                :
                                         :
FEDERAL BUREAU OF PRISONS, *et al.*, :
                                         :
              Defendants                 :

**MEMORANDUM**

Ramon Pierre Vincent ("Vincent"), an inmate confined at the United States

Penitentiary at Canaan, Pennsylvania ("USP-Canaan"), filed the instant civil rights action

pursuant to 28 U.S.C. § 1331. (Doc. 1). Named as Defendants are the Federal Bureau of

Prisons and USP-Canaan. (*Id.*). Vincent seeks to proceed *in forma pauperis*. (Doc. 6).

The complaint is presently before the Court for preliminary screening pursuant to 28

U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed *in forma*

*pauperis* will be granted for the sole purpose of the filing of the action and the complaint will

be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

I.    **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

Twombly and Iqbal require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Vincent proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    **The Complaint**

Vincent alleges that he received an Incident Report charging him with violating Prohibited Act Code 113—possession of drugs. (Doc. 1, at 2). He contends that his due process rights were violated in the context of the disciplinary hearing. (*Id.*). Specifically, Vincent alleges that the Disciplinary Hearing Officer ("DHO") did not provide him advance

4

written notice of the charges 24 hours before the DHO hearing. (*Id.* at 2-3). He further alleges that the matter was initially referred to the Federal Bureau of Investigation ("FBI") and the DHO did not provide him with a copy of the FBI referral documents. (*Id.* at 3-4). Vincent asserts that he was ultimately found guilty of the charges. (*Id.* at 2, 4). He seeks declaratory and injunctive relief. (*Id.* at 5-6).

III.   **Discussion**

Vincent filed this matter as a civil rights action pursuant to 28 U.S.C. § 1331. He seeks injunctive relief for actions allegedly taken by Defendants with respect to an incident report and the resulting disciplinary hearing and sanctions, which the Court construes as the loss of good time credits.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the rationale in *Heck* to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he

principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Edwards*, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. *Id.* at 646-47.

The instant action specifically seeks declaratory and injunctive relief. (Doc. 1, at 4-6). Vincent alleges that the Disciplinary Hearing Officer violated his due process rights. If Vincent were successful in his claim, it would imply that his loss of good time credits was invalid. However, such a claim is not cognizable in a civil rights action. *See Edwards*, 520 U.S. at 648. Instead, Vincent must seek relief through a petition for writ of habeas corpus. *See Garcia v. Jordan*, 667 F. App'x 24, 25 (3d Cir. 2016) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (explaining that habeas corpus is the exclusive remedy when a prisoner seeks "a speedier release from...imprisonment" through restoration of good time credits)). There is no indication that a petition for writ of habeas corpus challenging the validity of the disciplinary proceeding was ever pursued, let alone resolved favorably to Vincent. Thus, because the disciplinary proceeding has not been determined to be unlawful, it is appropriate to dismiss Vincent's claims pursuant to *Edwards*.

## IV.    Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment

6

would be inequitable or futile.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  Because Vincent's claims are not cognizable in a complaint brought pursuant to 28 U.S.C. § 1331 at this time, granting leave to amend would be futile.  The Court will dismiss the complaint without leave to amend.

## V.    Conclusion

The Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April ___ , 2026